UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOHN T. HANSEN,

                              Plaintiff,                                          **MEMORANDUM**
                                                                                  **OPINION AND ORDER**

         -against-                                                                       CV 01-3450 (ETB)

LONG ISLAND RAIL ROAD COMPANY,

                              Defendant.
------------------------------------------------------------------------X

       Before the court is the petition of Philip P. Vogt on behalf of Altier & Vogt, LLC, ("Altier &Vogt"), for a charging lien in the amount of $68,309.83 to be fixed upon the proceeds of the judgment obtained by plaintiff against defendant in this case. For the following reasons, the petition is granted.

## FACTS

       Familiarity with the facts of this action is presumed and will be set forth only in brief. By way of summary, the underlying complaint in this action was filed on or about May 30, 2001, wherein plaintiff sought to recover damages from his employer for an injury he incurred on the job. The first trial resulted in a hung jury. At the second trial, after a four-day jury trial, the jury found in favor of the plaintiff on August 24, 2004 and awarded him $137,694.01 in damages. The judgment on that verdict was entered in favor of the plaintiff on August 27, 2004. On September 22, 2004, plaintiff appealed the judgment. On December 19, 2005, the Second Circuit Court of Appeals denied plaintiff's appeal by summary order.

       By undated correspondence received in chambers on September 13, 2004, plaintiff expressed his displeasure with the amount of damages and requested the court review the case

1

and award plaintiff a "more fair and just settlement." Chambers returned the letter to the plaintiff with instructions that all communication with the court be made through plaintiff's attorney. Shortly thereafter, I received correspondence dated September 21, 2004 from plaintiff's attorney, requesting leave to file a motion for a new trial on the issue of damages on the ground that the verdict was inadequate and contrary to the weight of the evidence. Counsel relied on "Rule 60" with respect to the untimeliness of the application. Pursuant to Rule 59(b), "any motion for a new trial shall be filed no later than ten days after entry of the judgment." Rule 59(b), Fed. R. Civ. P. The judgment here was entered on August 27, 2004. Thus the final date for filing a motion for a new trial was September 14, 2004 (excluding Saturdays, Sundays, and the legal holiday). See Rule 59(b); Rule 6, Fed. R. Civ. P. Accordingly, by memorandum opinion and order dated October 15, 2004, I denied plaintiff's motion for a new trial. Plaintiff appealed the denial of his motion for a new trial, and by summary order dated January 9, 2006, the Second Circuit Court of Appeals affirmed the order denying plaintiff's motion for a new trial.

At this time, plaintiff's counsel, Altier & Vogt, who represented him at both trials in this case as well as on his unsuccessful motion for a new trial, is petitioning the Court to affix a charging lien against the judgment in the amount of $68,309.83. Altier & Vogt arrived at this total based on the retainer agreement with Hansen, which states in relevant part:

> It is agreed that ALTIER & VOGT, LLC shall receive One Fourth (1/4th) of the net recovery obtained if settled before the institution of suit or One Third (1/3rd) of the net recovery if settled or tried after the institution of a lawsuit in either event after deduction of court costs, case processing and trial disbursements) [sic].
> It is also understood that I shall not pay my attorneys any legal fee for their services unless they obtain recovery for me [.]

2

(Retainer Agreement between Altier & Vogt and John Hansen, dated April 6, 2004, annexed to Petition in Support of Application for an Order to Show Cause, dated June 5, 2006.)

Following the Second Circuit's denial of plaintiff's appeal of the judgment, Altier &Vogt attempted to collect on the judgment, but Hansen refused to sign the documents necessary for it to do so. Hansen argues that he should not be required to pay the fees and costs associated with the first trial, because the "first trial was lost." (Hansen Aff. in Opp'n ¶¶ 7-9.)

DISCUSSION

An attorney's charging lien arises out of both statutory and common law with the purpose of ensuring that attorneys are paid for their services. In re Manshul Constr. Corp., 225 B.R. 41, 49 (S.D.N.Y. 1998). New York codified the lien at common law in New York Judiciary Law § 475. The law states, in pertinent part, that:

> [f]rom the commencement of an action ... or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim, or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come . . . .

N.Y. Judiciary Law § 475 (McKinney 1983). See also In re Manshul Constr. Corp., 225 B.R. at 49. "The attorney may collect out of the funds or property obtained on the client's behalf on the theory that it is the attorney who has created the fund out of which he or she seeks to be paid." In re Ralph Lauren Womenswear, Inc., 204 B.R. 363, 374 (S.D.N.Y. 1997). The law is enforceable by federal courts consistent with New York State courts' interpretation of the law. Id. at 372 (quoting Chesley v. Union Carbide Corp., 927 F.2d 60, 67 (2d Cir. 1991)).

An attorney seeking to claim a lien has the burden of showing that a fee contract is fair, reasonable, and fully understood by the client. In re Ralph Lauren, 204 B.R. at 375 (citing

Jacobson v. Sassower, 66 N.Y.2d 991, 489 N.E.2d 1283, 1284, 499 N.Y.S.2d 381 (N.Y. 1985)). Where, as here, a contingent fee contract exists, "New York courts will usually grant a lien in the agreed-upon amount unless the agreement was procured by fraud or overreaching." In re Ralph Lauren, 204 B.R. at 375 (citing Spielvogel v. Harkins & Maeger Ltd., 639 F. Supp. 1397, 1399-1400 (S.D.N.Y. 1986)). See also Beadwear, Inc. v. Media Brands, LLC, No. 00 Civ. 5483, 2001 WL 1622207, at *2 (S.D.N.Y. Dec. 18, 2001) (holding that where neither the attorney nor client disputed the amount of the contingent fee arrangement, the attorney should receive the agreed upon amount under a charging lien).

Here, Hansen does not claim that Altier & Vogt's contingent fee was fraudulently or wrongfully procured, and there is no evidence in the record that suggests any lack of understanding on Hansen's part as to the terms of the retainer agreement. Altier & Vogt is entitled to the lien based on this finding alone. See Beadwear, Inc., 2001 WL 1622207 at *2 (granting a petition for a charging lien in a contingent fee case on the ground that there was no evidence that the contingent fee agreement was fraudulently or wrongfully procured); Spielvogel v. Harkins & Maeger Ltd., 639 F. Supp. 1397, 1399-1400 (S.D.N.Y. 1986) (noting that "New York courts will summarily grant a lien in the agreed-upon amount unless the agreement was procured by fraud or overreaching").

Moreover, the argument that Hansen does raise, i.e., that he should not be required to pay counsel for the costs and fees associated with the first trial because the first trial was "lost," is circular and meritless. Hansen's first trial resulted in a hung jury. The first trial was a step in the process of adjudicating Hansen's claim that continued to a second trial and beyond, and there is no dispute that the costs and expenses that plaintiff's counsel incurred were bona fide costs in

the prosecution of plaintiff's action. The language of the retainer agreement provides that the attorneys are entitled to be reimbursed for "court costs, case processing and trial disbursements" which shall be deducted from any recovery prior to application of the one-third contingency fee provision in the agreement between plaintiff and his counsel. (See Retainer Agreement between Altier & Vogt and John Hansen, dated April 6, 2004, annexed to Petition in Support of Application for an Order to Show Cause, dated June 5, 2006.)

## CONCLUSION

For the foregoing reasons, Altier & Vogt's request for an attorney's charging lien in the amount of $68,309.83, as and for legal services and disbursements in this action, is granted. The defendant Long Island Railroad is directed to make payment to Altier & Vogt in this amount within ten (10) days. In addition, the defendant shall make payment to John T. Hansen of the remaining balance in the sum of $69,384.18 within ten (10) days.

SO ORDERED.

Dated: Central Islip, New York
       July 26, 2006

/s/ E. Thomas Boyle
HON. E. THOMAS BOYLE
United States Magistrate Judge

5